UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-60008-CIV-GOLD/McALILEY

RAYMOND ORTIZ, on his own behalf
and others similarly situated,

Plaintiff,

v.

D & W FOODS, INC., a Florida Corporation,
and WILLIAM SAND, individually,

Defendants.
_______________________________________/

ORDER GRANTING IN PART DEFENDANTS' VERIFIED MOTION FOR FEES [DE 30]

This cause is before the Court on Defendant's Verified Motion for Attorney's Fees Against the Shavitz Law Group, P.A., and Plaintiff [DE 30]. This is an FLSA action brought by Raymond Ortiz against Defendants D&W Foods, Inc. and William Sand on January 5, 2009 [DE 1]. Plaintiff is a waiter at Defendants' small restaurant, the Wine Cellar. On February 1, 2009, Defendant filed a Motion to Dismiss or in the Alternative for Summary Judgment [DE 7], seeking to dismiss the action because Plaintiff was not entitled to individual coverage, and Defendants are not subject to enterprise coverage, in part because Defendants' revenue is not over $500,000. Defendants filed affidavits and tax returns in support of the Motion. On March 6, 2009, Plaintiff filed a Notice of Stipulation by Plaintiff of the Dismissal with Prejudice of this Action [DE 19]. Defendant then moved to construe Plaintiff's Notice of Stipulation of Dismissal as a Motion for Voluntary Dismissal pursuant to Fed. R. Civ. P.

41(a)(2) and sought attorneys fees as a condition of dismissal [DE 23].[1] Plaintiff filed a Reply [DE 25], and Defendants (with leave of Court) filed a Sur-reply [DE 26]. I held a telephonic status conference on April 17, 2009 and requested supplemental briefing on the grant of attorneys fees. The parties have provided such briefing [DE 30, 31, 32], and the issue is ripe for adjudication. Having reviewed the parties' arguments, I grant in part Defendants' Verified Motion for Attorney's Fees [DE 30] ("Motion"), as set forth below.

In the Motion, Defendants seek fees against Plaintiff and Plaintiff's counsel. As a preliminary matter, I conclude that fees are not warranted against Plaintiff personally, as both offers to settle the matter requested Plaintiff to compromise on matters outside of the case at hand. I turn, then, to Defendants' request for fees against Plaintiff's counsel pursuant to 28 U.S.C. § 1927, which provides for the imposition of fees and costs against an attorney who unreasonably and vexatiously multiplies the proceedings in a case.[2] Section 1927 provides relief against an attorney who knowingly or recklessly pursues a frivolous claim. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir.

---

1

Defendants alternatively requested that the Court deny the Motion for Voluntary Dismissal and rule on the summary judgment motion, but did not fully brief this request.

2

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

2003); *Torres v. City of Orlando,* 264 F. Supp. 2d 1046, 1053 (M.D. Fla. 2003) (imposing fees under § 1927 and stating, "Plaintiff's counsel had no reasonable basis to pursue this litigation, and from the record, the court may infer that [counsel] intentionally - although perhaps without malice - filed and prosecuted claims that lacked any plausible legal or factual support.).

Here, Defendants argue that the filing of suit was frivolous, as Plaintiff's counsel was on notice of the enterprise coverage standard of the FLSA and could have engaged in pre-suit actions, such as the filling of a pure bill of discovery or a demand letter, to ascertain whether Defendant D & W Foods, Inc. had gross revenue that exceeded $500,000. Plaintiff's counsel does not dispute that no bill of discovery or demand letter was sent, but argues that counsel and his firm engaged in some research and investigation [DE 31, p.2]. I first note that the pre-suit investigation alleged by Plaintiff does not relate to the ultimate question of whether Defendant grossed $500,000. More importantly, Plaintiff's counsel did not submit an affidavit attesting to his pre-suit investigations or to his good faith belief that the action was not frivolous.

As no affidavit was filed with Plaintiff's Response, and upon the record in front of me, I conclude that Plaintiff's suit was frivolous and warrants the award of fees and costs against Plaintiff's counsel pursuant to § 1927 and as a condition of dismissal. *See Tesma v. Maddox-Joines, Inc.*, 254 F.R.D. 699 (S.D. Fla. 2008) (awarding payment of Defendant's reasonable costs and attorney's fees incurred in the defense of this action as a condition of dismissal with

prejudice).[3] However, as many of the filings for which Defendants seek compensation were requested by the Court and were not necessitated by Plaintiff's counsel, I do not award the full $7,404 requested by Defendants. Rather, I conclude that the time expended by Defendants' counsel from the filing of suit in January 2009 until Plaintiff's filing of a Notice of Voluntary Dismissal With Prejudice on March 6, 2009 warrants relief under § 1927.

To calculate a reasonable fee, I use the "lodestar" method, which requires that I determine a reasonable hourly rate and the number of hours reasonably expended. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Here, Defendants' counsel seeks an hourly rate of $300 for each of Christopher Kleppin, Lloyd Glasser, Harry Boreth and Barry Feingold [DE 30, p. 10]. Upon review and noting that Plaintiff does not oppose the hourly rate sought, I conclude based on the efficiency exhibited by Defendants' counsel, as indicated by the time billed, as well as the rates charged and approved in this district for comparable work and skill, that $300 is an appropriate hourly rate for each of these attorneys in this case.

As to whether Defendants expended a reasonable number of hours in completing the work, counsel's billing records indicate 6.5 hours was expended between the filing of suit and March 6, 2009. I have reviewed the time entries,

---

[3] While the cited *Tesma* opinion speaks in terms of fees against plaintiff, the order awarding fees [DE 23] indicated Judge Zloch awarded fees against plaintiff's counsel.

and I conclude the time expended is reasonable.[4] As Defendants do not seek an adjustment to the lodestar, the total award is $1,950 (6.5 hours x $300 per hour). Accordingly, it is hereby:

ORDERED AND ADJUDGED:

1. Defendant's Verified Motion for Attorney's Fees Against the Shavitz Law Group, P.A., and Plaintiff [DE 30] is GRANTED in PART.

2. Defendants are awarded $1,950 in attorneys fees against Plaintiff's Counsel The Shavitz Law Group, Gregg I. Shavitz, and Keith Michael Stern.

3. The Clerk of the Court is instructed to CLOSE this case.

DONE AND ORDERED, in Chambers, at Miami, Florida this 21 day of September, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: Counsel of record

---

[4] As an example, I note that Defendants' counsel billed conservatively (only 0.6 hours) for the preparation of the Motion to Dismiss.